UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.                                                    Criminal No. 1:05-CR-280

RONALD BOOKER , JR.,

Defendant.

## DETENTION MEMORANDUM

The Defendant, Ronald Booker, Jr., has been charged in a criminal complaint with
Unlawful Possession of a Firearm by a Convicted Felon and Interstate Transport of a Firearm by
a Felon in violation of 18 U.S.C. 922(g)(1).  The government requested a detention hearing,
which was held on August 3, 2006.  At the conclusion of the hearing, the Court found that the
Defendant should be held without bond.  This memorandum is submitted to comply with the
statutory obligation that "the judicial officer shall include written findings of fact and a written
statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**Findings of Fact**

At the detention hearing, the Government summarized the testimony given at a status hearing held before Magistrate Judge Deborah Robinson.  On July 1, 2005, a confidential informant notified police that there was a man on the 800 block of Southern Avenue, S.E. wearing a white t-shirt, jean shorts, and black and silver shoes who was carrying a handgun. Several officers (in plainclothes but wearing tactical vests that read "Police" in large capital letters and displaying badges) responded to the call and saw the man who fit the informant's description.  One officer got out of the car and asked him to stay still and keep his hands visible. The man ran, pursued at a short distance by the police officer.  At some point during the chase, the man pulled a handgun out of his clothing and then tossed it aside; it was picked up almost immediately by the officer.  The Defendant was then apprehended by other officers who had cut off his path of flight by car.  The gun picked up by the officer was a Ruger .22 caliber automatic pistol with nine live rounds inside.

At the time of his arrest, Defendant had been released for 30 days following sentencing for another handgun charge in Prince George's County.   He pled guilty to the gun charge on July 21, 2005 and was sentenced to 18 months in prison on condition that he turn himself in after thirty days to serve his sentence.  It was during this thirty-day period that he was arrested in the District of Columbia on the weapons charge now before the court.

**Discussion**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no

- 2 -

condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir. 1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

Additionally, where, as here, the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released. United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir. 1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." United States v. Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the Defendant's future presence in court or ensure the safety of the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) the Defendant's history and characteristics, including the Defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the Defendant's release. See 18 U.S.C. § 3142(g).

The nature and circumstances of the offense and the weight of the evidence, favor detention. Unlawful possession of a loaded firearm is a serious offense. The Defendant was a

convicted felon in physical possession of a loaded, operable weapon when spotted by the District of Columbia Metropolitan Police.

The weight of the evidence, the second factor, also favors detention.  The Defendant was seen by an informant carrying a handgun and pulled a gun out of his clothing while a police officer was chasing him.

The third factor, the history and characteristics of the Defendant, supports pretrial detention.  Though he has not failed to appear for a court date or sentence, it is important to note that the Defendant committed this offense while awaiting sentencing for a similar offense in another jurisdiction.  There is no guarantee, given his history, that the Defendant, if released, would not go out in the community and commit a similar crime again.   In addition to the weapons charge in Maryland, the Defendant has several prior convictions, including operating a vehicle while impaired (in 2001), a 1997 conviction for possession of PCP and Marijuana, and Possession of a Firearm during a Violent or Dangerous Offense in 1997.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention.  Carrying a loaded weapon poses a great danger to any member of the community who is in the vicinity of the Defendant.


## **Conclusion**

Based upon consideration of all the evidence and the factors set forth in 18 U.S.C. § 3142(g), the Court concludes by a preponderance of the evidence that no condition or combination of conditions can be imposed that would assure compliance by the Defendant, including the Defendant's appearance at further court proceedings should he be released.  The court further concludes by clear and convincing evidence that there is no condition or

combination of conditions which will ensure the safety of the community around him should the

Defendant be released pending trial.  Therefore, the government's motion for pretrial detention is

granted.


_August 8, 2006__                    _____/s/_____
DATE                                 ALAN KAY
                                     UNITED STATES MAGISTRATE JUDGE