

U.S. Department of Justice

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

**FILED**

**SEP - 6 2006**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

August 22, 2006

**VIA FACSIMILE**

Harry Tun, Esquire
400 Fifth Street, NW, Suite 300
Washington, DC 20001-2719
Fax: (202) 783-5407

                        Re: <u>United States v. Ronald Booker</u>,
                        Criminal Case Number 05-cr-280 (CKK)

Dear Mr. Tun:

      This letter confirms the agreement between your client, Ronald Booker, and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the plea agreement. The terms of the offer are as follows:

<u>Ronald Booker's Obligations, Acknowledgments and Waivers</u>:

      1. Your client, Ronald Booker, agrees to admit guilt and enter a plea of guilty to a criminal Information, a copy of which is attached, to **one count of Carrying a Pistol Without a License (Outside of Home or Place of Business), in violation of 22 D.C. Code, Section 4504(a)(1).** Your client understands that pursuant to 22 D.C. Code, Section 4504(a)(1) the charge carries a penalty of not more than 5 years incarceration and/or shall be fined not more than $5,000. In addition, your client agrees to pay a special assessment of $100 to the ~~Clerk of the United States District Court for the District of Columbia~~ D.C. Victims of Crime Compensation Fund prior to the date of sentencing.

      2. Your client agrees to, and hereby does, admit (a) his guilt to the above-referenced

offense charge, and (b) the truthfulness of the facts set forth in the attached factual proffer as the basis for his admission of guilt.

     3. Your client and the Government agree that a sentence of **seven (7) months of incarceration** is the appropriate sentence for the offenses to which your client is pleading guilty. The Government also agrees, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to present this plea agreement between the parties to the Court for its approval. If the Court accepts the plea agreement and the specific sentence agreed upon by the parties, then the Court will embody in the judgment and sentence the disposition provided for in this plea agreement, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure. The parties understand, however, that in light of other factors the Court may not agree that such a sentence is an appropriate one and may reject the plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Your client understands that if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the plea agreement, and will afford your client an opportunity to withdraw the plea, or if your client persists in the guilty plea will inform your client that a final disposition may be less favorable to your client than that contemplated by this agreement.

     4. Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

     5. In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense(s) to which your client is pleading guilty; the right to an indictment; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses. Your client further agrees that the District Judge should make any Sentencing Guidelines determinations.

     6. Your client understands that subject to the provisions of paragraph 2 of this agreement, this Office reserves its full right of allocution for purposes of sentencing in this matter. In particular, your client understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. ~~In addition, your client acknowledges that the Government is not obligated and does not intend to file any~~ downward departure sentencing ~~motion under Section 5K1.1 of the Sentencing Guidelines,~~ 18 U.S.C. Section 3553(e), or any ~~post-sentence downward departure motion in this case~~ pursuant to Rule 35(b) of the Federal Rules ~~of Criminal Procedure~~.

<u>THE GOVERNMENT'S OBLIGATIONS, ACKNOWLEDGMENTS AND WAIVERS:</u>

     7. This Office will file the above-mentioned criminal Information with the United States District Court for the District of Columbia for the purpose of your client's plea of guilty to the charge(s) contained therein and will dismiss the indictment currently pending against your client

at the time of sentencing. Your client, however, agrees and acknowledges that the charges to dismissed at the time of sentencing were based in fact.

General Conditions

8. This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

9. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

10. There are no other agreements, promises, understandings or undertakings between your client and this Office. Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

Sincerely yours,

_____
KENNETH L. WAINSTEIN
United States Attorney

_____
G. MICHAEL HARVEY
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement and have discussed it with my attorney, Harry Tun, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 9/6/06

RONALD BOOKER
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 9/6/06

HARRY TUN, Esquire
Attorney for the Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No.:   05-cr-280 (CKK) |
| v. | : | |
| **RONALD BOOKER** | : | |
| Defendant. | : | |

## FACTUAL PROFFER
## IN SUPPORT OF GUILTY PLEA

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this statement of facts which the United States would have prove beyond a reasonable doubt had this matter gone to trial:

On July 1, 2005, at approximately 1:30 p.m., MPD Officer James Boteler, received a telephone call from a confidential source advising that an adult black male known as "Teon" was standing in front of 890 Southern Avenue, S.E., in possession of a semi-automatic handgun tucked in his front waistband which was covered by his shirt. The source described the suspect as wearing a white colored T-shirt, blue jean shorts, and black and silver colored shoes.

Based on that information, Major Narcotics Branch Officer James Tyler immediately responded to the 800 block of Southern Avenue, S.E., in an undercover capacity and observed a subject which matched the informant's description standing in from of 890 Southern Avenue. Ofc. Tyler then advised MNB Sgt. Deryl Johnson and Officer Boteler, who were staged nearby, of his observations and confirmed the suspect's location.

At approximately, 1:44 p.m., Sgt Johnson and Ofc. Boteler converged on the location in an unmarked police vehicle. Ofc. Boteler exited the police vehicle, wearing a police tactical vest, and ordered the defendant to stand still and show his hands. The defendant refused to comply and fled

on foot into the 800 block of Chesapeake Street, S.E. Officer Boteler immediately pursed the defendant on foot, continuously following him at a distance of approximately 10 feet. During the defendant's flight, Ofc. Boteler observed the defendant reach into the front of his waistband and, with his right hand, draw and throw a black and brown colored handgun onto the ground. Ofc. Boteler immediately reached down and retrieved the handgun, and then continued his pursuit of the defendant.

Moments later, other 7-D officers, along with Sgt. Johnson, converged on the 800 block of Chesapeake Street, S.E., cut off the defendant's flight path, and intercepted him. The defendant thereafter was arrested without further incident. During the entire foot pursuit, Ofc. Boteler never lost sight of the defendant.

An inspection of the gun revealed it to be a Ruger Marki .22 caliber semi-automatic handgun loaded with one (1) .22 caliber round in the chamber and eight (8) rounds in the magazine. The gun was test fired and found operational. Further, a records check revealed that the firearm was unregistered and the defendant did not have a license to carry a pistol in the District of Columbia.

Respectfully submitted,
KENNETH L. WAINSTEIN
United States Attorney for the District of Columbia

By: _____
G. MICHAEL HARVEY
Assistant United States Attorney
DC BAR # 447465
Federal Major Crimes
555 Fourth Street, N.W.; Rm. 4243
Washington, D.C. 20530
(202) 305-2195

### Defendant's Acceptance of Factual Proffer

I have read this Factual Proffer in Support of Guilty Plea and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this Factual Proffer and all matters relating to it. I fully understand this Factual Proffer and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Factual Proffer fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above.

Date 9/6/06

RONALD BOOKER

### Defense Counsel's Acknowledgment

I am Ronald Booker's attorney. I have reviewed every part of this Factual Proffer in Support of Guilty Plea with him. It accurately and completely sets forth the Factual Proffer agreed to by the defendant and the Office of the United States Attorney for the District of Columbia.

Date 9/6/06

HARRY TUN, ESQ.

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | Criminal No. 05-cr-280 (CKK) |
| v. : | |
| : | |
| **RONALD BOOKER,** : | |
| : | |
| **Defendant.** : | |

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF A PLEA PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 11(c)(1)(C)

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files a memorandum in support of a plea pursuant to Federal Rule of Criminal Procedure Rule 11(c)(1)(C). In support of the plea, the government states the following:

1. The defendant is charged in a one-count criminal Indictment of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year in violation of 18 U.S.C. § 922(g)(1).

2. The facts in this case are briefly as follows: On July 1, 2005, at approximately 1:30 p.m., MPD Officer James Boteler, received a telephone call from a confidential source advising that an adult black male known as "Teon" was standing in front of 890 Southern Avenue, S.E., in possession of a semi-automatic handgun tucked in his front waistband which was covered by his shirt. The source described the suspect as wearing a white colored T-shirt, blue jean shorts, and black and silver colored shoes.

Based on that information, Major Narcotics Branch Officer James Tyler immediately responded to the 800 block of Southern Avenue, S.E., in an undercover capacity and observed a subject which matched the informant's description standing in from of 890 Southern Avenue. Ofc. Tyler then advised MNB Sgt. Deryl Johnson and Officer Boteler, who were staged nearby, of his observations and confirmed the suspect's location.

At approximately, 1:44 p.m., Sgt Johnson and Ofc. Boteler converged on the location in an unmarked police vehicle. Ofc. Boteler exited the police vehicle, wearing a police tactical vest, and ordered the defendant to stand still and show his hands. The defendant refused to comply and fled on foot into the 800 block of Chesapeake Street, S.E. Officer Boteler immediately pursed the defendant on foot, continuously following him at a distance of approximately 10 feet. During the defendant's flight, Ofc. Boteler observed the defendant reach into the front of his waistband and, with his right hand, draw and throw a black and brown colored handgun onto the ground. Ofc. Boteler immediately reached down and retrieved the handgun, and then continued his pursuit of the defendant.

Moments later, other 7-D officers, along with Sgt. Johnson, converged on the 800 block of Chesapeake Street, S.E., cut off the defendant's flight path, and intercepted him. The defendant thereafter was arrested without further incident. During the entire foot pursuit, Ofc. Boteler never lost sight of the defendant.

An inspection of the gun revealed it to be a Ruger Marki .22 caliber semi-automatic handgun loaded with one (1) .22 caliber round in the chamber and eight (8) rounds in the magazine. The gun was test fired and found operational. Further, a records check revealed that

the firearm was unregistered and the defendant did not have a license to carry a pistol in the District of Columbia.

3. Following indictment on the charge of 18 U.S.C. § 922(g),[1] the defendant's arraignment was originally scheduled last Summer on August 8, 2005. After having received notice to appear, the defendant failed to appear and a bench warrant was issued ordering the defendant held without bond. On August 23, 2005, the defendant was incarcerated in Prince George's County and began serving an 18-month sentence for his possession of a handgun in January 2005.

On or about September 28, 2005, while incarcerated in P.G. County Correctional Jail, Mr. Booker sent letters to this Office, the D.C. Superior Court this Court requesting that he be transfer to D.C. under the Interstate Agreement on Detainers (IAD), and that his pending federal matter be promptly resolved. Because Mr. Booker's request was not received by the AUSA assigned this matter, Mr. Booker's request was never processed by the U.S. Attorney's Office. Nevertheless, it is the U.S. Attorney's Office's position that Mr. Booker's rights under the IAD were not violated because a detainer was never lodged concerning his federal matter with the P.G. Correctional Jail. See United States v. Mauro, 436 U.S. 340, 360-61 (1978) (holding that the filing of a "detainer" is a requirement for triggering the IAD)

The defendant takes a contrary view. At an August 3, 2006, status conference counsel for the defense asserted that this matter should be dismissed because the government had violated

---

[1] The defendant has a prior conviction for Possession of a Firearm During a Crime of Violence or Other Dangerous Crime in D.C. Superior Court Criminal Case No. F1099-93.

the defendant's rights under the IAD and/or the Speedy Trial Act. This Court asked the parties to brief the matter, and scheduled an August 25, 2006 hearing to resolve the dispute.

4. In the interim, the government and the defendant have reached a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), which, subject to the Court's acceptance, authorizes the parties to agree upon a specific sentence. See Fed. R. Crim. P. 11(c)(1)(C). The parties have agreed that the defendant should plead guilty to one count of Carrying a Pistol Without a License in violation of 22 D.C. Code, Section 4504(a)(1), and should be sentence to 7 months of incarceration. (The parties' plea agreement is lodged herewith for review by the Court).

5. In evaluating the plea agreement, it is important to thoroughly weigh the benefits and risks of accepting the 11(c)(1)(C) plea. Although the defendant faces a higher Guidelines sentence if pled guilty to one count of 18 U.S.C. § 922(g),[2] a resolution of this case by way of the proposed plea agreement clearly serves the interest of justice. In support of the proposed plea agreement, the government cites the following:

a. The plea agreement provides for a felony criminal conviction against the defendant. It also eliminates the specter of litigation as to the defendant's IAD and STA claims, along with limiting the potential risks of appellate review.

b. The plea agreement will save the Court, the government, and the citizens of the community the valuable time and resources that would be expended as a result of the litigation surrounding the validity of the defendant's IAD and STA claims. Moreover, it also saves the

---

[2] If the defendant pled guilty to 18 U.S.C. § 922(g) without benefit of a Rule 11(c)(1)(C) plea, his Guidelines range would likely be 27-33 months.

valuable time and resources that would be expended should this matter have to proceed to a jury trial.

c. The plea agreement will require the defendant to publically accept responsibility for his criminal conduct, after which he will then face a not insignificant sentence of incarceration.

d. Pursuant to the plea agreement, the defendant will receive a 7 month prison term. This guaranteed prison term will serve a dual purposes. It will penalize the defendant for his criminal conduct while protecting the community from the potential for future criminal behavior.

6. In sum, the proposed plea agreement ultimately serves the interest of justice by: assuring a conviction in this case; imposing a just punishment for the defendant's criminal conduct; deterring the defendant from committing future criminal acts; protecting the public; and saving the Court, the government, and the community valuable resources.

WHEREFORE, for the reasons stated above, the United States respectfully submits its memorandum in support of a Rule 11(c)(1(C) plea and requests that the Court accept the proposed plea agreement.

Respectfully submitted,

KENNETH WAINSTEIN
UNITED STATES ATTORNEY

G. MICHAEL HARVEY
Assistant United States Attorney
DC BAR # 447465
Federal Major Crimes
555 Fourth Street, N.W.; Rm. 4243
Washington, D.C. 20530
(202) 305-2195

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA :
: Criminal No. 05-cr-280 (CKK)
v. :
:
RONALD BOOKER, :
:
Defendant. :

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF A PLEA PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 11(c)(1)(C)

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files a memorandum in support of a plea pursuant to Federal Rule of Criminal Procedure Rule 11(c)(1)(C). In support of the plea, the government states the following:

1. The defendant is charged in a one-count criminal Indictment of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year in violation of 18 U.S.C. § 922(g)(1).

2. The facts in this case are briefly as follows: On July 1, 2005, at approximately 1:30 p.m., MPD Officer James Boteler, received a telephone call from a confidential source advising that an adult black male known as "Teon" was standing in front of 890 Southern Avenue, S.E., in possession of a semi-automatic handgun tucked in his front waistband which was covered by his shirt. The source described the suspect as wearing a white colored T-shirt, blue jean shorts, and black and silver colored shoes.

Based on that information, Major Narcotics Branch Officer James Tyler immediately responded to the 800 block of Southern Avenue, S.E., in an undercover capacity and observed a subject which matched the informant's description standing in from of 890 Southern Avenue. Ofc. Tyler then advised MNB Sgt. Deryl Johnson and Officer Boteler, who were staged nearby, of his observations and confirmed the suspect's location.

At approximately, 1:44 p.m., Sgt Johnson and Ofc. Boteler converged on the location in an unmarked police vehicle. Ofc. Boteler exited the police vehicle, wearing a police tactical vest, and ordered the defendant to stand still and show his hands. The defendant refused to comply and fled on foot into the 800 block of Chesapeake Street, S.E. Officer Boteler immediately pursed the defendant on foot, continuously following him at a distance of approximately 10 feet. During the defendant's flight, Ofc. Boteler observed the defendant reach into the front of his waistband and, with his right hand, draw and throw a black and brown colored handgun onto the ground. Ofc. Boteler immediately reached down and retrieved the handgun, and then continued his pursuit of the defendant.

Moments later, other 7-D officers, along with Sgt. Johnson, converged on the 800 block of Chesapeake Street, S.E., cut off the defendant's flight path, and intercepted him. The defendant thereafter was arrested without further incident. During the entire foot pursuit, Ofc. Boteler never lost sight of the defendant.

An inspection of the gun revealed it to be a Ruger Marki .22 caliber semi-automatic handgun loaded with one (1) .22 caliber round in the chamber and eight (8) rounds in the magazine. The gun was test fired and found operational. Further, a records check revealed that

the firearm was unregistered and the defendant did not have a license to carry a pistol in the District of Columbia.

3. Following indictment on the charge of 18 U.S.C. § 922(g),[1] the defendant's arraignment was originally scheduled last Summer on August 8, 2005. After having received notice to appear, the defendant failed to appear and a bench warrant was issued ordering the defendant held without bond. On August 23, 2005, the defendant was incarcerated in Prince George's County and began serving an 18-month sentence for his possession of a handgun in January 2005.

On or about September 28, 2005, while incarcerated in P.G. County Correctional Jail, Mr. Booker sent letters to this Office, the D.C. Superior Court this Court requesting that he be transfer to D.C. under the Interstate Agreement on Detainers (IAD), and that his pending federal matter be promptly resolved. Because Mr. Booker's request was not received by the AUSA assigned this matter, Mr. Booker's request was never processed by the U.S. Attorney's Office. Nevertheless, it is the U.S. Attorney's Office's position that Mr. Booker's rights under the IAD were not violated because a detainer was never lodged concerning his federal matter with the P.G. Correctional Jail. See United States v. Mauro, 436 U.S. 340, 360-61 (1978) (holding that the filing of a "detainer" is a requirement for triggering the IAD)

The defendant takes a contrary view. At an August 3, 2006, status conference counsel for the defense asserted that this matter should be dismissed because the government had violated

---

[1] The defendant has a prior conviction for Possession of a Firearm During a Crime of Violence or Other Dangerous Crime in D.C. Superior Court Criminal Case No. F1099-93.

the defendant's rights under the IAD and/or the Speedy Trial Act. This Court asked the parties to brief the matter, and scheduled an August 25, 2006 hearing to resolve the dispute.

4.  In the interim, the government and the defendant have reached a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), which, subject to the Court's acceptance, authorizes the parties to agree upon a specific sentence. See Fed. R. Crim. P. 11(c)(1)(C). The parties have agreed that the defendant should plead guilty to one count of Carrying a Pistol Without a License in violation of 22 D.C. Code, Section 4504(a)(1),[2] and should be sentence to 7 months of incarceration. (The parties' plea agreement is lodged herewith for review by the Court).

5.  If Mr. Booker were to have pled guilty to a violation of 18 U.S.C. § 922(g) – the original federal charge in this case – he would likely have faced a federal Guidelines range of 27-33 months. Under the D.C. Guidelines, which are voluntarily, if Mr. Booker were convicted of CPWL, he would likely face a guidelines range of 14-32 months.[3]

---

[2] The essential elements of the offense of Carrying a Pistol Without a License, in violation of 22 D.C. Code § 4504(a)(1), are:

1. That the defendant carried a pistol openly or concealed on or about his/her person;
2. That the defendant carried the pistol knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently; and
3. That the pistol was operable; that is, that it would fire a bullet or other projectile;
4. That the defendant was not licensed to carry the pistol in the District of Columbia; and
5. That the defendant carried the pistol in a place other than his/her home, place of business, or land or premises possessed and controlled by him/her.

[3] Pursuant to 22 D.C. Code, Section 4504(a)(1) the charge of Carrying a Pistol Without a License carries a statutory penalty of not more than 5 years incarceration and/or a fined of not more than $5,000.

6. In evaluating the plea agreement, it is important to thoroughly weigh the benefits and risks of accepting the 11(c)(1)(C) plea. Although the defendant faces a higher Guidelines sentence if pled guilty to one count of 18 U.S.C. § 922(g), a resolution of this case by way of the proposed plea agreement clearly serves the interest of justice. In support of the proposed plea agreement, the government cites the following:

a. The plea agreement provides for a felony criminal conviction against the defendant. It also eliminates the specter of litigation as to the defendant's IAD and STA claims, along with limiting the potential risks of appellate review.

b. The plea agreement will save the Court, the government, and the citizens of the community the valuable time and resources that would be expended as a result of the litigation surrounding the validity of the defendant's IAD and STA claims. Moreover, it also saves the valuable time and resources that would be expended should this matter have to proceed to a jury trial.

c. The plea agreement will require the defendant to publically accept responsibility for his criminal conduct, after which he will then face a not insignificant sentence of incarceration.

d. Pursuant to the plea agreement, the defendant will receive a 7 month prison term. This guaranteed prison term will serve a dual purposes. It will penalize the defendant for his criminal conduct while protecting the community from the potential for future criminal behavior.

7. In sum, the proposed plea agreement ultimately serves the interest of justice by: assuring a conviction in this case; imposing a just punishment for the defendant's criminal conduct; deterring the defendant from committing future criminal acts; protecting the public; and saving the Court, the government, and the community valuable resources.

WHEREFORE, for the reasons stated above, the United States respectfully submits its memorandum in support of a Rule 11(c)(1(C) plea and requests that the Court accept the proposed plea agreement.

                                                Respectfully submitted,

                                                KENNETH WAINSTEIN
                                                UNITED STATES ATTORNEY

                                                _____
                                                G. MICHAEL HARVEY
                                                Assistant United States Attorney
                                                DC BAR # 447465
                                                Federal Major Crimes
                                                555 Fourth Street, N.W.; Rm. 4243
                                                Washington, D.C. 20530
                                                (202) 305-2195